UNITED STATES of America, Plaintiff–Appellee,

v.

**William Brook KNOWLES, Defendant–Appellant.**

No. 08–30063.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2009.

Filed March 12, 2009.

Greg Nyhus, Assistant U.S., Stephen Francis Peifer, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Nancy Bergeson, Esquire, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: PAEZ and RAWLINSON, Circuit Judges, and JENKINS *, District Judge.

## MEMORANDUM **

Appellant William Brook Knowles appeals from his conviction of attempting to persuade, induce or entice a minor to engage in sexual activity (18 U.S.C. § 2422(b)) and interstate travel with intent to engage in sex with a minor (18 U.S.C. § 2423(b)). Knowles argues that the district court erred (1) in admitting ten images depicting child pornography that were found on his laptop computer after his arrest as "other acts" evidence under Fed.R.Evid. 404(b), (2) in excluding evidence pertaining to a polygraph examination, and (3) in failing to require production of an undercover FBI agent's training materials. Knowles also appeals from his sentence of sixty-three months' imprisonment, but does not raise any specific issue on appeal pertaining to the imposition of

---

* The Honorable Bruce S. Jenkins, United States Senior District Judge for the District of Utah, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that sentence. We have jurisdiction of his appeal pursuant to 28 U.S.C. § 1291, and we affirm.

1. "In Internet 'sting' cases such as this," the issue of "what a defendant's state of mind was immediately prior to his contact with a sexual target purporting to be a minor is routinely a serious point of contention. We call the issue one of 'predisposition,' and it is primarily a question of fact." *United States v. Curtin*, 489 F.3d 935, 951 (9th Cir.2007) (en banc). Concerning such predisposition, "contextual and circumstantial evidence becomes acutely relevant to a defendant's material state of mind 'prior to his contact' with the object of his sexual attention and ... such evidence is not only admissible, but may be critical." *Id.* at 952.

■ Here, the district court did not err in ruling that the ten images depicting child pornography were fairly attributable to Knowles. Forensic testimony indicated that the ten images at issue were kept in the same "AOL Downloads" folder found on Knowles' laptop as a photo depicting "Sassy13 Sarah" sent to Knowles by FBI Special Agent Brillhart, and that storing images in that folder involved a series of interactive steps requiring the user's management (*viz.*, clicking on "save" to download an image attached to an email into the designated folder). This process contrasted with the routine automatic downloading and temporary "caching" of files on the laptop's hard drive by web browser software without any user participation or choice.

Nor did the district court err in ruling that the ten images were relevant to the issue of Knowles' intent, in particular his predisposition for sex with underage girls. The fact that Knowles had saved images of child pornography to his "AOL Downloads" folder tended to show such predisposition, in turn supporting an inference

that his intent was to travel to Portland to attempt to entice a minor to engage in sexual activity. As to Knowles' predisposition, the probative value of these ten images outweighed their potential prejudicial effect, and the district court did not abuse its discretion by admitting them.

■ 2. Further, the district court did not abuse its discretion in excluding expert opinion evidence as to a polygraph examination of Knowles concerning past sexual encounters with minors. Knowles offered that evidence at trial to rebut the Government's evidence that the defendant "intended to have actual sex with a minor." [ER 0635] The district court correctly concluded that as such, the polygraph evidence would bear upon the ultimate issue of Knowles' intent or state of mind and thus would be inadmissible under Fed. R.Evid. 704(b). *See United States v. Campos*, 217 F.3d 707, 711 (9th Cir.2000).

■ 3. Finally, Knowles contends that the district court erred in quashing his subpoena under Fed.R.Crim.P. 17(c) seeking production of training records and training materials relied upon by FBI Special Agent Brillhart in preparing for undercover operations on the Internet such as the one that led to Knowles' arrest. Knowles asserts that the training materials would have supported his theory that online sexual "predator-pedophiles" and BDSM "fantasy users" are two wholly distinct groups, and that as an identifiable BDSM fantasy user, Knowles had been mistakenly caught in a predator-pedophile net—possibly providing a basis for an entrapment defense to be submitted to the jury. At the pretrial motion hearing, the district court considered Knowles' predator-pedophile/BDSM fantasy-user dichotomy and granted the Government's motion to quash, concluding that the training materials sought were not "of any particular

relevance to the jury" and could not "pass muster under [Rule] 403." [ER 0065] In view of Knowles' insubstantial showing of relevance and specificity of the material sought, particularly when considered in the context of the entire record, the district court's ruling was neither clearly arbitrary nor unsupported by the record, and is hereby affirmed.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.